# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

MARY ANN RAMOS,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C16-2109-LRR
No. CR13-2034-LRR

ORDER

---

This matter appears before the court on Mary Ann Ramos' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Mary Ann Ramos ("the movant") filed such motion on October 4, 2016.

The movant cites to Amendment 794, but 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255, governs when an amendment to the United States Sentencing Guidelines can be applied retroactively. Hence, the court is unable to consider Amendment 794, which took effect on November 1, 2015, in an action under 28 U.S.C. § 2255.

With respect to 18 U.S.C. § 3582(c)(2), it provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). In addition, USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range."). Amendment 794 is not an amendment that is included within USSG §1B1.10(d). Moreover, Amendment 794 took effect prior to the date that judgment entered against her, that is, October 14, 2015. Thus, the court is unable to rely on 18 U.S.C. § 3582(c)(2) to reduce the movant's sentence.

Based on the foregoing, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied. As for a certificate of appealability, the movant has not made the requisite showing with respect to the claim that she raised. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253

will not issue.

**IT IS SO ORDERED**.

**DATED** this 5th day of October, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA